UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-21439-CIV-ALTONAGA/Reid

**DUCHARME SEATING
INTERNATIONAL 1991, INC.**,

    Plaintiff,
v.

**SERIES USA LLC**, *et al.*,

    Defendants.
_____/

### ORDER

**THIS CAUSE** came before the Court on Defendants, Series USA, LLC and Series, LLC's Motion to Dismiss [ECF No. 15], filed on May 16, 2024. Defendants request dismissal of Plaintiff, Ducharme Seating International 1991, Inc.'s Amended Complaint [ECF No. 9]. Plaintiff filed a Response [ECF No. 29], to which Defendants filed a Reply [ECF No. 33].

After the parties completed briefing the Motion to Dismiss, Plaintiff filed a Motion for Leave to Amend the First Amended Complaint [ECF No. 35] on June 14, 2024. Defendants filed a Response [ECF No. 39] on June 19, 2024. The Court has carefully reviewed the Amended Complaint, the parties' written submissions, and applicable law. For the following reasons, the Motion to Dismiss is denied, and the Motion for Leave to Amend is granted.

### I. BACKGROUND

Plaintiff's first Complaint [ECF No. 1] alleged claims of trade dress infringement, unfair competition, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (*See generally* Compl.). The Court *sua sponte* dismissed the Complaint as a shotgun pleading without prejudice. (*See generally* Apr. 18, 2024 Order [ECF No. 6]). Plaintiff timely filed the

Amended Complaint, stating the same claims and purportedly curing the shotgun-pleading deficiencies the Court had pointed out. (*See generally* Am. Compl.).

The claims relate to Plaintiff's "seating systems for use in auditoriums, theaters, and other public areas[;]" specifically Plaintiff's "Versatile™ to be removed everywhere model seats[.]" (*Id.* ¶¶ 9, 10 (alterations added)). Plaintiff alleges the "unique, iconic and inherently distinctive overall appearance" of the Versatile™ seat makes it easily identifiable and constitutes a trade dress. (*Id.* ¶ 11). Defendants allegedly engaged in a willful infringement campaign to copy Plaintiff's trade dress. (*See id.* ¶¶ 20–22). The elements of Plaintiff's trade dress include "the stanchions in a distinctive 'z' pattern"; "the front and back horizontal bars"; and "the anchoring plate design." (*Id.* ¶ 11). According to Plaintiff, "[t]he public recognizes the Ducharme Versatile™ Trade Dress as a source identifier for Ducharme's products exclusively." (*Id.* ¶ 13). Plaintiff attaches pictures of the seat to the Amended Complaint. (*See generally* Am. Compl., Ex. A, Photos [ECF No. 9-1]).

The Amended Complaint asserts the following claims for relief: trade dress infringement, in violation of 15 U.S.C. section 1125 (Count I); common law unfair competition (Count II); and violation of the FDUTPA (Count III). (*See* Am. Compl. ¶¶ 25–39). Defendants move to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6). (*See* Mot. 6–7). As stated, while defending its pleading, Plaintiff has separately moved for leave to amend the Amended Complaint. (*See generally* Mot. for Leave to Amend).

## II. STANDARDS

***Rule 8(a) and Shotgun Pleadings***. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

2

(alteration adopted; other alteration added; citation and quotation marks omitted). Federal Rule of Civil Procedure 10(b) further requires that a pleading "state its claims or defenses in numbered paragraphs, each limited as far as practicable[.]" Fed. R. Civ. P. 10(b) (alteration added).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

> There are four common categories of shotgun pleadings:
>
> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321–23 (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (alteration added; footnote call number omitted).

***Rule 12(b)(6).*** "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Twombly*, 550 U.S. at 570). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

***Rule 9(b).*** "Claims that sound in fraud must comply not only with the plausibility standard articulated in *Twombly* and *Iqbal*, but also the heightened pleading requirements of Rule 9(b)." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 875 (11th Cir. 2023) (citation omitted). As the Eleventh Circuit has explained,

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* at 875–76 (quoting *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007)).

### III. DISCUSSION

Defendants offer multiple explanations as to why the Amended Complaint should be dismissed. First, Defendants seek dismissal, with prejudice, asserting the Amended Complaint is a shotgun pleading. (*See* Mot. 8–12). Next, Defendants contend the trade dress claim in Count I, and unfair competition claim in Count II, should be dismissed because they fail to state claims for relief. (*See id.* 12–15). Defendants posit that, assuming the Court dismisses Plaintiff's federal trade dress infringement claim, it should decline to exercise supplemental jurisdiction over the remaining, state-law claims. (*See id.* 15–16). In the alternative, Defendants argue Count III — the FDUTPA claim — should be dismissed for Plaintiff's lack of standing and for failure to state a claim under Rule 12(b)(6) and under Rule 9(b)'s heightened pleading standards. (*See id.* 16–19).

Plaintiff insists all claims are sufficient (*see generally* Resp.), but also moves for leave to amend the Amended Complaint (*see generally* Mot. for Leave to Amend). The Court grants Plaintiff's timely request for leave to amend.[1]

Customarily, this would render moot the Motion to Dismiss. Nonetheless, the Court considers Defendants' arguments to curtail similar arguments from being raised after the second

---

[1] The Court notes Defendants' argument that Plaintiff failed to comply with Local Rule 7.1(a)(3), which requires the parties to meet and confer prior to filing certain motions. (*See* June 19, 2024 Resp. 4–5). In the future, Plaintiff would be well advised to begin the meet-and-confer process earlier than it did here. Because the Court ultimately denies the Motion to Dismiss, however, there is no prejudice to Defendants in the Court's decision to grant Plaintiff leave to amend.

amended complaint is filed. Because Plaintiff has the better position on the sufficiency of all Counts, the Motion to Dismiss is denied. The Court addresses each of Defendants' points in turn.

### A. Shotgun Pleading

Defendants argue Plaintiff has committed "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323 (footnote call number omitted); (*see* Mot. 9). Plaintiff contends that Defendants operate in tandem; consequently, the Amended Complaint gives Defendants adequate notice, as the claims apply to both Defendants. (*See* Resp. 9–11). Plaintiff remains free to address any issues it wishes in a second amended complaint, but the Court agrees with Plaintiff — the Amended Complaint is not a shotgun pleading.

Despite Defendants' insistence, the Amended Complaint is not a shotgun pleading merely because it brings claims against both Defendants. "[W]hile the Plaintiff[] largely lump[s] the Defendants together, that is because the defendants, as alleged, are related and took certain action together." *Proeduca Altus, S.A. v. Tech. Trade Grp., Inc.*, No. 21-22639-Civ, 2021 WL 5632397, at *6 (S.D. Fla. Dec. 1, 2021) (alterations added; citation omitted). Plaintiff clearly defines both Defendants collectively as "Series" and alleges Defendants share a principal place of business. (*See* Am. Compl. 1, ¶ 4). The Court must, at the motion-to-dismiss stage, "accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1286 (11th Cir. 2021). While Plaintiff may have been well-advised to explicitly include allegations that Defendants are related and/or acting in concert in its Amended Complaint, the Court finds these are reasonable inferences to draw in Plaintiff's favor at this stage of the case. *See Brooks*, 116 F.3d at 1369 (11th Cir. 1997).

"Moreover, Defendants exaggerate the confusion caused by Plaintiff's use of the term [Series] as there are only two defendants named in this action. Thus, the Court disagrees with Defendants that it is impossible for them to know which allegations and counts are asserted against them." *Cornell Pump Co. v. Thompson Pump & Mfg. Co., Inc.*, No. 17-cv-847, 2018 WL 3827249, at *3 (M.D. Fla. May 18, 2018). The Court will not dismiss — much less dismiss with prejudice — the Amended Complaint on shotgun pleading grounds.

### B. Counts I and II: Trade Dress Infringement and Unfair Competition

Defendants next seek dismissal of the trade dress infringement and unfair competition Counts for failure to state claims for relief. (*See* Mot. 12–16). Defendants, again, fail to persuade.

***Trade dress***. "The term trade dress refers to the appearance of a product when that appearance is used to identify the producer." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1202 (11th Cir. 2004) (quotation marks and citation omitted). Plaintiff's trade dress infringement claim arises under section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a). (*See* Am. Compl. ¶¶ 25–30).

To prevail on a claim of trade dress infringement under section 43(a), a plaintiff must allege: "(1) the product design of the two products is confusingly similar; (2) the features of the product design are primarily non-functional; and (3) the product design is inherently distinctive or has acquired secondary meaning." *Dippin' Dots, Inc.*, 369 F.3d at 1202 (citation omitted); *see also* 15 U.S.C. § 1125(a). "The ultimate question in determining whether a product's trade dress is distinctive is not whether each element or part of the dress is distinctive, but rather whether the combination of elements, taken as a whole, conveys a unique impression." *Vital Pharms., Inc. v. Monster Energy Co.*, 553 F. Supp. 3d 1180, 1245 (S.D. Fla. 2021) (citations and quotation marks omitted). Defendants do not object to Plaintiff's assertion that the products are confusingly

similar; they only dispute whether Plaintiff sufficiently alleges the remaining two factors. (*See generally* Mot.). The Court agrees with Plaintiff that it has stated a trade dress claim. The Court explains.[2]

### a.  *Functionality*

According to Defendants, because the product features of the trade dress "serve a functional purpose," the features are not protectable by trade dress. (Mot. 15). Plaintiff explains the issue of functionality is fact-intensive and cannot be resolved on a motion to dismiss. (*See* Resp. 16–17). Plaintiff has the better argument; whether the features of a product are functional and undeserving of trade dress protection involve "factual issues which can only be resolved after a full record is presented to the Court." *Niles Audio Corp. v. OEM Sys. Co., Inc.*, 174 F. Supp. 2d 1315, 1319 (S.D. Fla. 2001).

A functional characteristic is one that is "essential to the use or purpose of the article or one that affects the cost or quality of the article." *Epic Metals Corp. v. Souliere*, 99 F.3d 1034, 1039 (11th Cir. 1996) (alteration adopted; citation and quotation marks omitted). "There is no bright line test for functionality." *Id.* (citations omitted).

Here, Plaintiff alleges that the features of its chair trade dress are ornamental. (*See* Am. Compl. ¶¶ 11–12; *see also* Resp. 17). "To the extent that [Defendants] disagree[] with this characterization of these aspects of the product . . . [Defendants] raise[] an issue of fact, which is not appropriate for resolution on a motion to dismiss[.]" *Shashi, LLC v. Tsipilates, LLC*, No. 13-61303-Civ, 2013 WL 12091058, at *4 (S.D. Fla. Nov. 18, 2013) (alterations added; citations omitted). "For the purpose of surviving a motion to dismiss, [a party] merely need[s] to allege that

---

[2] Defendants argue the Court should dismiss Count I, leaving Plaintiff with no federal cause of action. (*See* Mot. 7). Defendants insist the Court should then decline to exercise supplemental jurisdiction over any remaining state-law claims. (*See id.*). As the federal trade dress claim survives, the Court does not address Defendants' supplemental jurisdiction argument.

[its] trade dress is non-functional and identify those aspects [it] believe[s] to be non-functional." *Barn Light Electric Co. v. Barnlight Originals, Inc.*, No. 14-cv-1955, 2015 WL 12819828, at *1 (M.D. Fla. Aug. 21, 2015) (citation omitted). Taking the factual allegations as true, Plaintiff clears this threshold. *See id.* at *2.

### b.    *Distinctiveness*

Defendants further contend Plaintiff's claim falls short at factor three of the Lanham Act test because Plaintiff fails allege the distinctiveness of its trade dress. (*See* Mot. 13). Defendants argue that Plaintiff's allegations are too open-ended, and "Plaintiff failed to specifically enumerate *how* the elements of its alleged trade dress are distinctive." (*Id.* (emphasis in original)). Plaintiff insists that it has specifically defined the distinctiveness of its trade dress through the text of the Amended Complaint and the attached photographs. (*See* Resp. 15–16).

Trade dress can be distinctive in two ways. "Some trade dress, because its intrinsic nature serves to identify a particular source of a product, is deemed inherently distinctive." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1322 (11th Cir. 2012) (alterations adopted; citation and quotation marks omitted). "Other trade dress, though not inherently distinctive, can become distinctive if it acquires secondary meaning, which occurs when, in the minds of the public, the primary significance of trade dress is to identify the source of the product rather than the product itself." *Id.* (alteration adopted; citation and quotation marks omitted).

Plaintiff alleges that the claimed trade dress is distinctive because the seats are easily identifiable by their "stanchions in a distinctive 'z' pattern, [] front and back horizontal bars, and [] anchoring plate design." (Am. Compl. ¶ 11 (alterations added)). In illustration, Plaintiff attaches photos of the seats to the Amended Complaint. (*See generally* Photos). "The combination of the factual allegations . . . along with . . . pictures, provide sufficient factual allegations to raise the

9

right to relief above the speculative level." *Habersham Plantation Corp. v. Art & Frame Direct, Inc.*, No. 10-61532-Civ, 2010 WL 4614810, at *3 (S.D. Fla. Nov. 5, 2010). True, at some point before trial, Plaintiff may be well advised to identify the distinctive elements of its design more specifically, *see id.*, but its allegations are sufficient at the motion-to-dismiss stage.

Defendants also argue that Plaintiff has not alleged the trade dress has acquired secondary meaning. (*See* Mot. 13–14). The Court quickly dispenses with this argument. Questions regarding secondary meaning "are questions of fact" for which the parties and the Court need "a full record[.]" *Niles Audio Corp.*, 174 F. Supp. 2d at 1319 (alteration added; citing *Brooks Shoe Mfg. Co., Inc. v. Suave Shoe Corp.*, 716 F.2d 854, 860 (11th Cir. 1983)). It would be error to dismiss a pleading on this ground. *See id.* (declining to dismiss the complaint under Rule 12(b)(6) because development of a factual record was necessary).

***Unfair Competition***.  Plaintiff also alleges an unfair competition claim in violation of Florida law in Count II. (*See* Am. Compl. ¶¶ 31–34). For a plaintiff to prevail on a Florida common law unfair competition claim, it

> must prove that (1) the plaintiff is the prior user of the trade name or service mark, (2) the trade name or service mark is arbitrary or suggestive or has acquired secondary meaning, (3) the defendant is using a confusingly similar trade name or service mark to indicate or identify similar services rendered (or similar goods marketed) by it in competition with plaintiff in the same trade area in which plaintiff has already established its trade name or service mark, and (4) as a result of the defendant's action or threatened action, consumer confusion as to the source or sponsorship of the defendant's goods or services is likely.

*PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1219 (S.D. Fla. 2004) (citation omitted). Defendants seek dismissal of the unfair competition claim, arguing — for the same reasons the Court already rejected — that Plaintiff fails to allege it is entitled trade dress protection. (*See* Mot. 16).

For reasons the Court has explained, Plaintiff sufficiently alleges its products enjoy trade dress protection. Defendants raise no new arguments as to the unfair competition claim, and dismissal is denied.

### C. Count III: FDUTPA Violation

Defendants raise numerous arguments in support of dismissing the FDUTPA claim: Plaintiff lacks standing to sue, fails to allege damages, and falls short of Rule 9(b)'s heightened pleading standard for fraud claims. (*See* Mot. 16–19). Plaintiff disagrees with each of these arguments, as does the Court.

"The FDUTPA is designed '[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.'" *Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305, 1312 (S.D. Fla. 2010) (alteration in original; quoting Fla. Stat. § 501.202(2)). To state a FDUTPA claim, a plaintiff must allege three basic elements: "(1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages." *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1323 (S.D. Fla. 2014) (citations omitted). The "FDUTPA defines 'trade or commerce' as 'the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated.'" *Id.* (quoting Fla. Stat. § 501.203(8)). A deceptive act or practice is one likely to mislead the consumer acting reasonably under the circumstances, to the consumer's detriment; and an unfair practice it is one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See Kenneth F. Hackett & Assocs., Inc.*, 744 F. Supp. 2d at 1312 (citations omitted).

***Standing***.  The parties first disagree over whether Plaintiff — who is not a consumer — has standing to bring a FDUTPA claim. (*See* Mot. 16–17; Resp. 19 Reply 9–10). The Court agrees with Plaintiff that it has standing. A claimant under the FDUTPA "*does not have to be a consumer to bring the claim.*" *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015) (emphasis in original). The claimant does, however, "have to prove that *there was an injury or detriment to consumers* in order to satisfy all of the elements of a FDUTPA claim[.]" *Id.* (alteration added; emphasis in original).

Defendants' citations to federal district court cases (*see* Mot. 16–17), do not persuade the Court that Plaintiff lacks standing. "Despite the existence of a split in the federal district courts, the state appellate courts that have ruled on the issue have determined that non-consumers have standing under FDUTPA." *Chiron Recovery Ctr., LLC v. AmeriHealth HMO of N.J., Inc.*, No. 16-cv-82043, 2017 WL 4390169, at *6 (S.D. Fla. Oct. 3, 2017); *see Caribbean Cruise Line, Inc.*, 169 So. 3d at 169 (finding "an entity [is] not required to be a consumer in order to have standing to bring a FDUTPA claim" (alteration added)); *see also Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc.*, 187 So. 3d 868, 869 n.2 (Fla. 3d DCA 2016) (noting the statute "no longer requires one to be a 'consumer' to maintain an action for damages under FDUTPA"); *Bailey v. St. Louis*, 196 So. 3d 375, 383 (Fla. 2d DCA 2016) (agreeing with the court in *Niles Audio Corp.*, 174 F. Supp. 2d at 1319–20, that the FDUTPA "evinces a legislative directive that the remedy of damages is not limited to a consumer"); *Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 214 (Fla. 4th DCA 2019) (same for declaratory relief under the FDUTPA).

"When a state supreme court has not ruled on an issue, federal district courts interpreting state law 'are bound to follow any decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue

differently.'" *Chiron Recovery Ctr., LLC*, 2017 WL 4390169, at *6 (quoting *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002)). The Court thus follows the state appellate courts in finding Plaintiff has standing to bring a FDUTPA claim, as Plaintiff alleges consumers were injured through Defendants' deceptive and confusing acts. (*See* Am. Compl. ¶ 37).

***Damages***. Defendants also argue that Plaintiff has failed to allege actual damages. (*See* Mot. 17–18). According to Plaintiff, its allegations that it "has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of the" trade dress, sufficiently state damages. (Am. Compl. ¶ 39). "Diminution of value is the standard for determining actual damages under FDUTPA." *Nuwer v. FCA US LLC*, 552 F. Supp. 3d 1344, 1358–59 (S.D. Fla. 2021) (citation omitted). Plaintiff's allegations of loss of business value to the trade dress thus withstand Defendants' challenge.

***Rule 9(b)***. Finally, Defendants argue Plaintiff must, but does not, meet the heightened pleading standards required for claims of fraud under Rule 9(b). (*See* Mot. 18–19). The Court disagrees. Plaintiff "alleges deceptive rather than fraudulent trade practices, and so its allegations are not subject to Rule 9(b) specificity." (Resp. 19). "Often, claims under the FDUTPA are not premised on allegations of fraud, and thus need not be stated with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure." *Runton v. Brookdale Senior Living, Inc.*, No. 17-60664-Civ, 2017 WL 7311877, at *2 (S.D. Fla. July 10, 2017) (citations and quotation marks omitted).

Plaintiff alleges Defendants willfully infringed on its trade dress. (*See* Am. Compl. ¶¶ 36–38). These statements suffice to give notice of the cause of action. *See Allstate Ins. Co. v. Auto Glass Am., LLC*, 418 F. Supp. 3d 1009, 1022 (M.D. Fla. 2019) ("That is, a complaint which states plausible allegations supporting FDUTPA claims will generally put a defendant on fair notice of

13

the nature of a plaintiff's claims and the grounds upon which they are based, without the risk of subjecting the defendant to specious claims."). In other words, "because a FDUTPA claim, which proscribes conduct outside the reach of traditional common law torts like fraud, is not subject to the heightened pleading standard of Rule 9(b), it cannot serve as a basis for granting [Defendants'] current Motion." *Eli Lilly & Co. v. Tyco Integrated Sec., LLC.*, No. 13-80371-Civ, 2015 WL 11251732, at *4 (S.D. Fla. Feb. 10, 2015) (alteration added; citation and quotation marks omitted).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss **[ECF No. 15]** is **DENIED**.

2. Plaintiff's Motion for Leave to Amend the First Amended Complaint **[ECF No. 35]** is **GRANTED**. The second amended complaint, or, alternatively, a notice of intent to not file another complaint at this time, shall be filed by **June 24, 2024**.

3. Defendants shall file a single, combined response or separate answers to the operative Complaint **on or before July 11, 2024, or within fourteen (14) days of the filing of a second amended complaint or notice,** *whichever is earlier*. Defendants shall not repeat non-meritorious arguments in any motion directed at an amended pleading.

**DONE AND ORDERED** in Miami, Florida, this 20th day of June, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record